## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

2238 VICTORY CORP.,

                 Plaintiff,

    v.

GREENFIELD WORLD TRADE, INC. DBA THE
LEGACY COMPANIES; JOHN DOES 1-10,

                 Defendants.

-------------------------------------------------------------- x

**Civil Action No.**   20-cv-928

**COMPLAINT AND JURY TRIAL DEMAND**

*Electronically Filed*

Plaintiff 2238 Victory Corporation ("Plaintiff"), by and through its counsel, for its Complaint against Greenfield World Trade, Inc. dba The Legacy Companies ("Defendant") and John Does 1-10 ("Doe Defendants"), alleges as follows:

### PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of New York, with a place of business at 2238 Victory Boulevard, Staten Island, New York 10314.

2.      On information and belief, Defendant Legacy is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 3355 Enterprise Avenue, Fort Lauderdale, Florida 33331.

3.      The true names, involvement and capacities, whether individual, corporate, associated or otherwise, of the Doe Defendants are unknown to Plaintiff. Therefore, Plaintiff sues the Doe Defendants by a fictitious name. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants sued herein is responsible in some manner for the events and occurrences referred to herein. When the true names, involvement and capacities of these parties are ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

## JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

5.     Defendant Legacy is subject to general and specific jurisdiction in this Court, *inter alia*, because it conducts business in the District and has committed at least some of the acts complained of herein within this District.

6.     On information and belief, Defendant sells large quantities of consumer products to customers in New York, engages distributors based in New York, maintains an interactive website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York.

7.     Defendant has purposely directed its activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

8.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND FACTS

9.     Defendant is in the business of manufacturing and distributing consumer products, including wine aerators sold under the VINTURI mark ("Vinturi Products").

10.     Defendant is the registered owner of U.S. Trademark Registration No. 3353903 for VINTURI ("the VINTURI Registration").

11.     Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

12.     Plaintiff resells products through various channels, including through an Amazon storefront.

13.     Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

14.     Defendant's illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

### ONLINE MARKETPLACES

15.     Amazon is the world's largest online retailer.

16.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017),

https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

17.     Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

18.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

19.     Since approximately November 2010, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

20.     Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the

customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

21.     A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

22.     Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

23.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

24.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

25.     Plaintiff's Amazon storefront has amassed over five-thousand reviews and a holds a stellar customer rating.

26.     A small sample of Plaintiff's recent reviews are shown below:



27.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

**DEFENDANT ATTEMPTS TO STIFLE COMPETITION BY FILING FALSE
INTELLECTUAL PROPERTY COMPLAINTS**

28.     On information and belief, Defendant seeks to increase its profits by controlling

the distribution and pricing of its products, including the Vinturi Products, through unlawful

means.

29.     As demonstrated below, Defendant has engaged in a coordinated effort to

preclude select third-parties from reselling genuine Vinturi Products on online marketplaces by

false allegations of intellectual property infringement and defamation.

30.     On information and belief, the purpose of these false complaints and defamatory

statements was to prevent Plaintiff from selling genuine Vinturi Products on Amazon.

31.     On information and belief, the purpose of these false complaints was to damage

Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its

relationship with Plaintiff.

32.     Because Plaintiff sells only genuine products through its Amazon storefront,

Defendant has no legitimate intellectual property claim(s) against Plaintiff.

33.     Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell Vinturi

Products without violating the intellectual property rights or other legal rights of Defendant.

34.     The first sale doctrine provides that, once a manufacturer places a product in the

stream of commerce through its first sale, it can no longer enforce its intellectual property rights

with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

35.     It is well-known among brand owners that Amazon has a policy of acting on

virtually any notice of intellectual property infringement, whether legitimate or not.

36.     As one Amazon expert explained:

In order to meet a minimum liability standard, Amazon will act upon properly
submitted and completed notice claims of infringement. They will notify specified

marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

See Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

37.    On information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

38.    On information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports that a product is "counterfeit," regardless of the truth of the report.

39.    The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

40.    Defendant filed a complaint with Amazon that alleged that Plaintiff was selling "counterfeit" Vinturi Products.

41.    Defendant knew, or should have known, that this allegation was false. Defendant's allegation of counterfeiting was an objectively unreasonable sham made in bad faith in an effort to prevent Plaintiff's resale of genuine Vinturi Products on Amazon's e-commerce platform.

42.    The complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendant.

43.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited February 18, 2020).

44.     Once confirmed through discovery, all individual(s) responsible for the false intellectual property complaint described below will be added as defendants in this action.

45.     On or about July 26, 2019, Plaintiff received a notice from Amazon stating as follows:

Hello,
We received a report from a rights owner that the products listed at the end of this email are inauthentic.

The rights owner is asserting that the products infringe the following trademark:
-- Trademark number 78816310

Why did this happen?
One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

How do I reactivate my listing?
Please provide one of the following to reactivate your listings:
1) A retraction of the report from the rights owner:
--Greg Malford
--wine@tutamail.com

2) An invoice or letter of authorization from the manufacturer or Rights Owner verifying the product's authenticity to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff,

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should include the following information:
-- Proof that you have never sold or listed the reported product. We will investigate to determine if an error occurred.

OR

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the proof of authenticity, your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days.

ASIN:B000UPOJ5W
Infringement type: Counterfeit
Trademark asserted: 78816310
Complaint ID: 6291406411

     46.    The above report relates to a Vinturi Product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

     47.    The Vinturi Product identified as "counterfeit" in the above report was genuine.

     48.    The Vinturi Product identified as "counterfeit" in the above report was manufactured and distributed by Defendant.

49.     On information and belief, prior to filing the above report, Defendant performed a test purchase and knew that the product was not counterfeit.

50.     On information and belief, Defendant's allegation that the above Vinturi Product were counterfeit was knowingly false and made in bad faith.

51.     Plaintiff contacted Amazon in accordance with Amazon's procedures and challenged Defendant's false report and allegations of counterfeiting, to no avail.

52.     Plaintiff has now exhausted all avenues with Amazon, and Amazon has refused to reinstall Plaintiff's Vinturi Product listings on its e-commerce platform in view of Defendant's allegations.

## DEFENDANT RESFUSED TO RETRACT ITS FALSE REPORTS

53.     Plaintiff has sought in good faith to resolve the above complaint with Defendant. Defendant, despite having no support for its allegations, refused to retract its complaint.

54.     On or about December 3, 2019, Plaintiff sent an e-mail to Defendant requesting support for its allegation of trademark counterfeiting or, in the alternative, a withdrawal of the complaint.

55.     On December 4, 2019, Defendant responded by e-mail stating, inter alia, that the Vinturi Product sold by Plaintiff "was packed in the same type of Vinturi packaging, but the product inside did not have the Vinturi brand on the product."

56.     On information and belief, Defendant knew that the above statement was false because Plaintiff had performed a test purchase.

57.     The same day, Plaintiff responded to Defendant by e-mail and requested that Defendant "provide pictures of the test buy item that you made from WhoIsCamera to show the alleged counterfeit product."  Plaintiff refused to provide the requested photographs.

58.     On December 10, 2019, Plaintiff again requested that Defendant provide photographs of the allegedly counterfeit product.  Defendant did not respond.

59.     To date, Defendant has failed to provide support for its allegation that Plaintiff has sold "counterfeit" Vinturi Products.  Yet, Defendant has refused to retract its complaint.

## HARM TO PLAINTIFF

60.     As a result of the above false rights complaints, Plaintiff's listing relating to the above Vinturi Product has been suspended, resulting in a loss of revenue.

61.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

62.     On information and belief, Defendant was aware that complaints to Amazon, particularly those alleging the sale of counterfeit products, result in selling suspensions.

63.     On information and belief, Defendant has used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

64.     At no time has Plaintiff ever sold counterfeit Vinturi Products.

65.     The Vinturi Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

66.     Defendant knowingly made a false intellectual property rights complaint against Plaintiff.

67.     Upon information and belief, the true purpose of this complaint was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

68.     As result of Defendant's false complaint, Plaintiff's performance metrics were irreparably damaged.

69.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

70.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

71.     Defendant's false complaints and reviews have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement or Counterfeiting)

72.     Plaintiff realleges and incorporates all previous paragraphs.

73.     Defendant manufactures and Distributes Vinturi Products and places such products into the stream of commerce.

74.     Plaintiff stocks, displays, and resells new, genuine Vinturi Products, each bearing a true mark.

75.     Defendant has submitted one or more complaints to Amazon that state that Plaintiff sold counterfeit Vinturi Products and infringed, inter alia, the VINTURI Registration.

76.     The Vinturi Products sold by Plaintiff were not counterfeit.

77.     Defendant's complaint has caused the suspension of Plaintiff's selling privileges as they relate to Vinturi Products.

78.     Defendant's complaint threatens to cause the suspension of Plaintiff's selling privileges as they relate to any and all products.

79.     Defendant's complaint puts Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

80.    Under these facts, an actual controversy exists between Plaintiff and Defendant.

81.    Plaintiff is entitled to a declaratory judgment that it has not sold counterfeit Vinturi Products.

82.    Plaintiff is entitled to a declaratory judgment that it has not violated Defendant's trademark rights or other rights, whether under Federal or State law.

## COUNT II – FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

83.    Plaintiff realleges and incorporates all previous paragraphs.

84.    This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

85.    Plaintiff and Defendant compete for sales of wine aerator products.

86.    Plaintiff has a commercial interest in its commercial and business reputation.

87.    Plaintiff has established a business reputation as a popular and trusted seller of consumer products on Amazon's marketplace.

88.    Defendant has knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated with Plaintiff. These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Plaintiff's products are counterfeit, thereby materially effecting their decision and ability to purchase Plaintiff's products.

89.    Defendant's reports to Amazon were designed to advance its business interests by removing Plaintiff's listings from the Amazon marketplace thereby increasing Defendant's market share.

90.     Defendant's false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the reports to Amazon so as to constitute advertising.

91.     Defendant's false and misleading representation of Plaintiff's alleged infringement has misled, confused and deceived customers and prospective customers as to Plaintiff's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers.

92.     The false and misleading representations had a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff.

93.     Defendant has made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

94.     On information and belief, Defendant had actual knowledge that it had no support for the complaints that Defendant submitted to Amazon in connection with Plaintiff's product, and Defendant acted with the intent that Plaintiff's ability to sell Vinturi Products be removed thereby forcing consumers to purchase Vinturi Products directly from Defendant and/or select distributors.

95.     Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendant's false advertising and disparaging misrepresentations have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

96.     Defendant's wrongful acts as alleged in this Complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

97.     The damage to Plaintiff's economic and reputational injuries were directly caused by Defendant's false and misleading representations.

98.     As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

99.     As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

100.    Defendant will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT III – UNFAIR COMPETITION
## PURSUANT TO THE NEW YORK COMMON LAW

101.    Plaintiff realleges and incorporates all previous paragraphs.

102.    This is a claim for unfair competition, arising under the common law of the State of New York.

103.    By reason of all of the foregoing, Defendant, as a market competitor of Plaintiff, engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff sold counterfeit Vinturi Products.

104.    Defendant's conduct caused consumer confusion because it had a material effect on Plaintiff's customers' and prospective customers' decisions and ability to purchase Plaintiff's products or do business with Plaintiff.

105.    As a result of Defendant's unfair competition, Plaintiff's customers and prospective customers were actually deceived or are likely to deceived and confused into believing that Plaintiff's products are counterfeit.

106.    As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

107.    As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

108.    Defendant will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

### COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

109.    Plaintiff realleges and incorporates all previous paragraphs.

110.    Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

111.    Plaintiff is also in a contractual relationship with Amazon, including through the Amazon Business Services Agreement.

112.    At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

113.    At all relevant times, Defendant was aware of Amazon's terms and conditions, as well as the advantageous business relationship that comes with being an Amazon seller.

114.    Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling counterfeit products.

115.    Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

116.     Defendant intended to cause Amazon to suspend Plaintiff's ability to sell Vinturi Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

117.     Defendant had actual knowledge that its actions would cause Amazon to suspend Plaintiff's ability to sell Vinturi Products on Amazon.

118.     Defendant's accusations of counterfeiting, made directly to Amazon, were for the improper purpose of suppressing competition.

119.     Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of Vinturi Products to be suspended.

120.     The intentions of Defendant are demonstrated by the fact that Defendant was unable to provide any evidence in support of its complaint and, nevertheless, refused to withdraw its complaint.

121.     The intention of Defendant is demonstrated by the fact that Defendant performed test purchases prior to alleging that the products sold by Plaintiff were counterfeit and knew that the allegation was false.

122.     Defendant's accusations were false and were made maliciously and with ill will.

123.     Plaintiff has been damaged by suspension of these listings by losing revenue related to Vinturi Products.

124.     Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

125.     Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## COUNT V – DEFAMATION

126.     Plaintiff realleges and incorporates all previous paragraphs.

127.     Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff sold "counterfeit" Vinturi Products.

128.     Plaintiff did not sell counterfeit Vinturi Products.

129.     Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Vinturi Products.

130.     Defendant's false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

131.     Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that Plaintiff sells genuine products.

132.     Defendant's false statements are not protected by any privilege.

133.     Defendant acted with actual malice or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and Plaintiff's customers.

134.     False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

135.     Here, Defendant published statements that Plaintiff was engaged in trademark counterfeiting, which is a criminal offense.

136.     Defendant's false statements constitute defamation per se.

137.     Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Vinturi Products and damage to its relationship with Amazon and its customers.

138.    Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Vinturi Products have been suspended and Plaintiff has lost sales of Vinturi Products and other products.

139.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

140.    Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## COUNT VI – TRADE LIBEL

141.    Plaintiff realleges and incorporates all previous paragraphs.

142.    Defendant knowingly published false and derogatory statements regarding Plaintiff's business.

143.    Specifically, Defendant published false and materially derogatory statements that Plaintiff was selling counterfeit Vinturi Products.

144.    Defendant's statements that Plaintiff was selling counterfeit Vinturi Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

145.    As discussed above, on information and belief, Defendant knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

146.    Defendant's false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Plaintiff.

147.    Plaintiff suffered special damages as a result of Defendant's statements in the form of lost dealings.

148.    As a result of Defendant's false rights owner complaint, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

149.     As a result of Defendant's false reviews, Plaintiff has had experienced a direct and immediate loss in revenue.

150.     Plaintiff is entitled to damages, costs, and fees as allowed by law.

151.     Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.       An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendant;

B.       Preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from filing false complaints with Amazon and any other e-commerce platform.

C.       Injunctive relief requiring Defendant to rescind all complaints that it has filed against Plaintiff;

D.       An award of all damages that Plaintiff has suffered as a result of Defendant's false representations and unfair competition;

E.       An award of all damages that Plaintiff has suffered as a result of Defendant's tortious interference;

F.       An award of all damages that Plaintiff has suffered as a result of Defendant's defamation;

G.       An award of all damages that Plaintiff has suffered as a result of Defendant's trade libel;

H.       An award of all costs and fees incurred in this Action; and

I.       Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  February 20, 2020           Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

By:  s/ Marc J. Jason                 
         Mark Berkowitz
         Marc J. Jason
         90 Park Avenue
         New York, NY  10016
         Tel.:     (212) 336-8000
         Fax:     (212) 336-8001
         E-mail: mberkowitz@arelaw.com
                 mjason@arelaw.com

*Attorneys for Plaintiff*